# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PNC Bank, NA,

                Plaintiff,

v.

Natural Disaster Service LLC,

                Defendant.

_____/

Case No. 25-10814

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO EXTEND SUMMONS AND TO ALLOW ALTERNATE SERVICE [8]

Before the Court is Plaintiff PNC Bank's ex parte motion to extend summons and for alternate service. (ECF No. 8.)

Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or association may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," or in the

manner set forth in Rule 4(e)(1), which permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In Michigan, which is the state where the district court is located, a limited liability company may be served by "serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent" or "serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company." Mich. Ct. R. 2.105(H)(1)–(2). If the LLC does not appoint or maintain an agent, or service is not possible through those other methods, "service of process may be made by delivering or mailing by registered mail to the administrator . . . a summons and copy of the complaint." Mich. Ct. R. 2.105(H)(3).

The Michigan Court Rules also permit a court to approve alternate means of service. Mich. Ct. R. 2.105(J)(1). Michigan Court Rule

2.105(J)(2) explains that the party moving for an alternate means of service "must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known."

Here, Plaintiff provides that it is not able to serve Defendant "at the address on record with the State of Michigan . . . because the office address is a rental 'virtual suite." (ECF No. 8, PageID.47.) "PNC has verified that Natural Disaster is receiving mail at the Registered Office and Registered Agent's address and also a post office box." (*Id.* at PageID.49.) Plaintiff "proposes to serve the Summons and Complaint upon Daren Haskens, in his capacity as resident agent of Natural Disaster, by First Class and Certified mail to both the Registered Office address of record and the post office box." (*Id.* at PageID.48.)

As such, the Court GRANTS Plaintiff's ex parte motion to extend summons and for alternate service. (ECF No. 8.) The Court authorizes service by mailing the Summons and a copy of the Complaint filed in this case by First Class and certified mail to the attention of its resident agent, Daren Haskins, at 220 S. Main Street, Suite 411, Royal Oak, MI, 48067 and to Daren Haskins, P.O. Box 357, Durand, MI, 48429.

Additionally, the summons as to Natural Disaster Services LLC is extended to July 22, 2025, as requested by Plaintiff.

IT IS SO ORDERED.

Dated: June 3, 2025                          s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager