UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC Bank, NA,

      Plaintiff,  Case No. 25-10814

v.          Judith E. Levy
           United States District Judge
Natural Disaster Service LLC,

           Mag. Judge Anthony P. Patti

      Defendant.

_____/

## ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL MATERIALS REGARDING THE MOTION FOR DEFAULT JUDGMENT [15]

On October 10, 2025, Plaintiff PNC Bank, NA, filed a motion for default judgment as to Natural Disaster Service LLC. (ECF No. 15.) Plaintiff's motion requests a judgment in the amount of $83,169.72. (*Id.* at PageID.82.) This amount "consists of $93,524.15 (minus sale of Equipment of $34,780.50), plus interest in the amount of $19,245.97 for the remaining balance due under the Agreement and $5,180.10 in attorneys' fees and costs." (*Id.*)

Plaintiff is directed to file supplemental materials regarding the motion for default judgment. "Even when a default judgment is

warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sc. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also* Fed. R. Civ. P. 55(b)(2). Here, there is no evidence in the record regarding the "sale of Equipment of $34,780.50." (ECF No. 15, PageID.82.)[1] As such, the Court is unable to ascertain the amount of damages in this case.

Additionally, Plaintiff's counsel has not submitted appropriate documentation regarding their request for attorney fees. "[T]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). Here, Plaintiff's counsel submitted a "bill of costs" that sets forth individual employee hourly

---

[1] The Court notes that the complaint is verified. (ECF No. 1.) However, the verified complaint does not describe the sale of equipment.

rates, the total hours worked per law firm, and a statement on costs expended on this matter. (ECF No. 15-2.) The "bill of costs" is not supported by a declaration or an affidavit. Plaintiff's counsel's documentation regarding attorney fees is insufficient and does not allow the Court to determine that the attorney fees and costs requested were "actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553.

Plaintiff's supplemental materials must be filed within **7 days** of this order.

IT IS SO ORDERED.

Dated: October 27, 2025　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 27, 2025.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager